[Sac. No. 4101. Department One.—February 26, 1929.]

EVA FYNE, Respondent, v. COMMERCIAL CENTRE REALTY COMPANY (a Corporation), Appellant.

Frank A. Duryea for Appellant.

Harry I. Stafford, Dean Cunha and Daniel R. Shoemaker for Respondent.

SEAWELL, J.—A statement of the case in which this appeal is taken from a judgment rendered for plaintiff and respondent may well be taken from the recital of facts set forth in appellant's brief. The action was an ordinary action for the foreclosure of a mortgage. The plaintiff alleged the execution and delivery of a note and mortgage by appellant, Commercial Centre Realty Company, a corporation, to respondent, Eva Fyne, on January 27, 1926, to secure payment of the principal sum of $10,000 five years after date, with interest at the rate of seven per cent per annum, payable monthly in advance. The note provides that if interest is not paid within thirty days after the same becomes due the whole of the principal sum shall forthwith become due and payable at the election of the holder of the note, without notice. It is alleged, and not denied, that the interest has not been paid since June 27, 1926. The complaint was filed February 1, 1927, and prays for judgment against the defendant for the whole of the principal, with interest according to the terms of the note from June 27, 1926, together with reasonable counsel fees and costs of suit, and for the sale of the mortgaged premises.

Defendant admitted the execution of the note and mortgage, but presented the issue that the plaintiff, Eva Fyne, was not the real party in interest and alleged that E. T. Prather and Ray Prather, husband and wife, and parents of Eva Fyne, were the real owners and holders of the note and mortgage, and that defendant had been served with certain attachments and executions in actions brought against the Prathers; admitted that defendant had not paid the interest, but averred that it had offered to do so if indemnified by the Prathers against said executions and attachments, and offered to deposit the whole amount of interest

due in court, subject to the orders of the court. A supplemental answer was filed on the day of trial alleging the issuance of attachments and garnishments and the service thereof upon appellant in an action brought against the Prathers since the filing of appellant's answer and, further, the issuance and service upon appellant of a garnishment issued in an action brought since the filing of said answer in which respondent, Eva Fyne, is joined as a party defendant with the Prathers. The entire transaction between the plaintiff and defendant corporation was conducted by Mr. A. Ruef, the manager of said corporation.

It is the contention of appellant that the Prathers were the owners of said mortgaged real property and that they fraudulently caused it to appear of record as the property of Eva Fyne for the purpose of removing it beyond the reach of certain judgment creditors, more particularly to defeat a pre-existing indebtedness owed by them to J. T. and F. G. Bogle in the sum of $3,600.65, which indebtedness was reduced to a judgment rendered by the superior court of the county of Los Angeles on August 6, 1925, in an action brought by said Bogles against said Prathers. This judgment was fully satisfied March 5, 1926. It appears that the mortgaged property had been sold upon execution on account of said judgment and Mr. A. Ruef, the manager of appellant corporation, demanded that said judgment be satisfied. A portion of the purchase moneys was applied to the satisfaction of the Bogle judgment. The record title of said property, so far as the Prathers and Mrs. Fyne are concerned, shows that, on January 28, 1924, it was deeded by R. W. Stevens to E. T. Prather and Ray Prather; on November 3, 1924, by E. T. Prather to his wife, Ray Prather. On December 2, 1924, Ray Prather, the mother of Mrs. Eva Fyne, executed a gift deed of the same to her said daughter, Mrs. Eva Fyne. On January 19, 1926, Eva Fyne, and her husband, George Fyne, by a grant deed conveyed said real property to Commercial Centre Realty Company, a corporation, appellant herein. On the same day Ray Prather and her husband, E. T. Prather, by a quitclaim deed, remised all their right, title, interest, estate and claim in or to said real property to said corporation. The corporation to which the deed of grant ran from Mrs. Fyne purchased the property at the price of $20,000,

and gave back to Mrs. Fyne a mortgage in the sum of $10,000. A portion of the purchase moneys was paid on account of the Bogle judgment and in satisfaction of a prior mortgage executed by Prather and wife to Pacific Coast Land Bank, and the balance was, according to Mr. Ruef's testimony, paid to Mrs. Prather or Mr. Prather. Mrs. Fyne, however, was treated at all times by Mr. Ruef as the owner of the legal title and no moneys were paid to the Prathers or on their account without the written indorsement of Mrs. Fyne. It is the testimony of Mr. Ruef, and full credit is given to his testimony on the subject, that Mr. and Mrs. Prather practically negotiated the transaction herein and that Mrs. Fyne, who was present at many if not upon all the meetings of the parties, had but a small part in the discussions which culminated in the purchase of said real property and the adjustments that attended it.

Mr. Ruef, in aid of his contention, also instances the passing of money paid on account of said sale to the Prathers and the discharge of the Prathers' obligation from the funds paid on the purchase price and a number of acts which tend to show that the Prathers' wishes were respected in the disbursement of said funds if, indeed, they were not the real parties in interest. He also testified that Mr. Prather stated that he would like to discount the mortgage in order to get the cash. Mr. Ruef further testified that at or about the time the mortgage was executed he drew the form of an assignment of said mortgage from Mrs. Fyne to Mrs. Prather; that Mrs. Prather thereafter stated to the witness that it had been properly assigned and she had the document in her safe deposit vault; Mrs. Fyne was present and made no comment; that he (Mr. Ruef) had a conversation with Mrs. Fyne in the presence of others with relation to the real ownership of said mortgaged property in February, 1926, in which Mrs. Prather said that she and her husband needed the money and that she would make a very liberal discount if Mr. Ruef would get someone to take the mortgage off her hands. The witness testified that Mrs. Fyne said nothing unless she would say: "I wish you would do something." Other conversations are testified to by Mr. Ruef in which the Prathers in the presence of Mrs. Fyne requested Mr. Ruef to negotiate a sale of the mortgage at a discount, as they were pressed for money.

Notwithstanding the fact that the Prathers negotiated the sale of said real property with Mr. Ruef, acting for said corporation, and seemed to have dictated the terms of the mortgage and received a portion of the interest money, the title to said real property had stood unchallenged for more than a year in the name of Mrs. Fyne and Mr. Ruef made the monthly interest remittances to her until he refused to make further payments after June 27, 1926.

Every circumstance urged upon appeal as tending to establish the Prather interest in said real property was known to said corporation through its manager, who negotiated the transaction from the beginning and who was fully informed as to the existing relationship of the parties with whom he was dealing, including the financial difficulties of the Prathers, as evidenced by judgments existing against them and which may have become liens on any real property owned by them. In fact the entire chain of title was available to appellant. From the record it appears that said corporation took steps to perfect the title to its satisfaction and conducted the entire transaction. In addition to the grant deed executed by Mrs. Fyne, the corporation, as a part of the same transaction, demanded and received from the Prathers their quitclaim deed and also took the precaution to obtain a quitclaim deed from the Bogles. Mr. Ruef was a participant in the mortgage transfer and actually drew the form by which the mortgage might be transferred from Mrs. Fyne to Mrs. Prather. There is no evidence, however, that the assignment was ever executed or that it was filed for record. Mr. Ruef seems not to have attached any significance to that circumstance, as he thereafter paid the interest direct to Mrs. Fyne. The attachments and garnishments served on appellant corporation are pursuant to a judgment and writs of attachment issued in certain actions brought against the Prathers. Mrs. Fyne was made a party in but one suit and that was commenced long after this foreclosure proceeding was begun. No claim is made that any attempt has been made to attach said real property as provided by section 542, subdivisions 1 and 2 of the Code of Civil Procedure.

The question presented for decision is whether appellant may, under the facts of this case, impose upon the respondent a condition precedent which was not a part of the mort-

gage contract of the parties thereto before she may be entitled to receive the interest secured by said mortgage. If the mortgagor entertained a doubt as to the sufficiency of the title it should have provided by contract for the indemnity it is now insisting upon. Appellant offered to pay the interest money into court subject to the determination of a court as to whether respondent or the Prathers were entitled to the same. This was not a covenant of the contract.

Respondent's consent to such a proceeding would amount to a concession that there was ground for controversy between respondent and the Prathers as to the ownership of said property. Surely, the respondent could not be expected to place herself in a position of yielding to a suggestion that she was not the owner of said property or assuming a burden that was not legally hers.

Upon a consideration of the whole case we are of the view that we would not be justified in directing the trial court to grant appellant the relief which it could not grant. While it may be possible to construe the conduct of the parties as giving some color to appellant's contention, it nevertheless approved the *bona fides* of the transaction between respondent and the Prathers at a time when it was as fully informed on the subject as it was on any subsequent day. All written communications with respect to appellant's refusal to continue to pay interest were with and in the name of Mrs. Fyne.

It does not appear that any unsatisfied judgment or lien was subsisting at the time appellant's deed was recorded.

No sufficient grounds appearing for appellant's refusal to pay the monthly installments of interest, we are not permitted to disturb the judgment of the trial court.

Judgment affirmed.

Preston, J., and Curtis, J., concurred.